UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANE RACHEL STERNBERG and
HAATZAMA, INC.,

                Plaintiff,                Case. No.:

v.

NAOMI WIEDERMAN (née HOLLAND)

                Defendant.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL

Chane Sternberg, by and through her undersigned counsel, and for her Complaint against the Defendant Naomi Wiederman née Holland (the "Defendant"), hereby states as follows:

## INTRODUCTION

Plaintiff Chane Sternberg is a Licensed Clinical Social Worker in New York, primarily providing counseling services in Rockland County, New York.  In 2017, Ms. Sternberg joined a new wellness center providing mental health counsel services in Spring Valley, New York called DAAS Wellness Center ("DAAS").  At the time, Ms. Sternberg had a successful private counseling practice through her company Haatzama, Inc. ("Haatzama") generating over $250,000 per year in income.  Ms. Sternberg agreed to serve as a DAAS supervisor for a salary of $100,000 per year while the company developed, with a promise of profit sharing or ownership interest as DAAS became profitable.  With Ms. Sternberg's help, DAAS did become a success; however, Ms. Sternberg did not get to participate in that success because she was "laid off" after the Defendant spread a malicious and untrue rumor that went to the heart of Ms. Sternberg's professionalism and integrity—that Ms. Sternberg had an inappropriate physical relationship with her purported client Mark Wiederman.  The rumor was especially scandalous because: 1) the Defendant is Mark Wiederman's ex-wife; and 2) Ms. Sternberg and Mr. Wiederman were involved in a romantic

relationship (that had nothing to do with DAAS, or Ms. Sternberg's career) and eventually had a religious marital ceremony.

After Ms. Sternberg was "laid off" at DAAS, she learned that her termination was not due to financial issues or job performance, but due to fear of an investigation related to the rumor. Ms. Sternberg's and Haatzama's private practice also began to suffer as word spread in her community that she had an inappropriate relationship with a patient with whom she was working.

The truth could not be further from the rumor. First, Ms. Sternberg did not see patients at DAAS, as she was a clinical supervisor, so the notion that Mr. Wiederman was her "patient" or "client" is absurd. Second, Mr. Wiederman has never been a client of DAAS and has never obtained counseling from any company or practice affiliated with Ms. Sternberg, including Haatzama. Third, Ms. Sternberg and Mr. Wiederman were introduced to each other by a mutual friend and subsequently met at a retreat in Upstate New York and bonded when their children recognized each other from school. Ms. Sternberg and Mr. Wiederman learned that they lived nearby and began a normal, consensual, romantic relationship. They are now religiously married.

The Defendant has been made aware of the falsity of her allegations by letter dated May 26, 2021; however, to Ms. Sternberg's knowledge, the Defendant has taken no action to retract her allegations, although they continue to cause direct damage to Ms. Sternberg personally and professionally and to her practice, Haatzama.

**PARTIES**

1. The Plaintiff, Chane Sternberg, is a citizen of the State of New York, is over the age of 18, and *sui juris*.

2. The Plaintiff, Haatzama, Inc., is a New York corporation with principal place of business in Spring Valley, New York.

3. The Defendant, Naomi Wiederman, is a citizen of the State of Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the dispute raises monetary claims in excess of $75,000, exclusive of attorneys' fees and costs. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391 because the a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and a substantial part of property that is the subject of the action is situated.

5. All conditions precedent have occurred, been performed or have otherwise been waived.

6. Ms. Sternberg and Haatzama have retained the undersigned law firm to prosecute this action and have agreed to pay the law firm a reasonable fee for its services, plus out of pocket expenses.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Ms. Sternberg is a Licensed Clinical Social Worker in the State of New York. In that role, she helps patients solve and cope with problems in their everyday lives, diagnoses and treats mental, behavioral, and emotional problems.

8. In 2017, Ms. Sternberg began working with a newly formed company called DAAS Wellness Center as a supervisor. At the time, Ms. Sternberg had her own private practice, but agreed to work with DAAS because she liked its founders, its mission, and the potential incentive compensation she could earn as DAAS grew its business. In January 2018, Ms. Sternberg formed Haatzama as the corporation through which she offered private counseling services. Ms. Sternberg is the company's sole owner, executive, and healthcare provider.

9. Ms. Sternberg was permitted to maintain her private practice, but she also signed an employment contract where DAAS would pay her $100,000 per year initially. The parties also contemplated providing Ms. Sternberg with equity incentives, bonuses, valuable health and other benefits, and an expanded role with the company if it became successful.

10. By 2020, Ms. Sternberg and DAAS were, by all measures, enjoying great success. Ms. Sternberg had a busy and growing private counseling practice with Haatzama generating over $250,000 per year and DAAS likewise had established itself as an excellent mental health and wellness center with its own busy practice.

11. However, rather abruptly, Ms. Sternberg was informed in September 2020, that DAAS needed to terminate her employment. DAAS told her that her termination was unrelated to job performance and that it was a "lay-off" due to the COVID-19 pandemic and economic factors outside Ms. Sternberg's control. Ms. Sternberg accepted that explanation and moved forward with her private practice.

12. Almost simultaneously, Ms. Sternberg noticed a significant drop off in her private counseling practice she ran through Haatzama. Patients who worked with Ms. Sternberg over several months or years began to stop calling. Ms. Sternberg's referrals reduced abruptly. In short, the phone stopped ringing at her practice for the first time in years. This seemed strange because the demand for mental health services generally increased in 2020, yet Ms. Sternberg's practice and professional opportunities seemed to be shrinking in her community.

13. Ms. Sternberg's brother also happened to work at DAAS and continued to work there after Ms. Sternberg was allegedly laid off. He heard from upper management at DAAS that the company was "getting heat" about Ms. Sternberg's continued employment with DAAS. Ms. Sternberg's brother learned she was let go not because of lay-offs but because there were concerns about whether Ms. Sternberg could be the "face of the company" after DAAS was informed by a third-party that Ms. Sternberg had an alleged inappropriate relationship with a patient—a major breach of ethics.

14. This allegation turned out to be an outrageous lie created by the Defendant to hurt Ms. Sternberg, Haatzama, and validate her decision to divorce her ex-husband, Mark Wiederman. At the time the allegation against Ms. Sternberg was reported to DAAS, Ms. Sternberg was engaged to Mr. Wiederman, and they are now religiously married.

15. The allegation was simple, and easily disprovable: The Defendant began telling people in the community that her ex-husband, Mr. Wiederman, was seeking mental health services through Ms. Sternberg personally, with Haatzama, or through DAAS (which is untrue). According to the Defendant, Mr. Wiederman and Ms. Sternberg began a romantic relationship while they were in a patient-therapist relationship (which is untrue). This lie would be facially believable to people who did not know Mr. Wiederman or Ms. Sternberg since they were dating, and the lie was transmitted to DAAS shortly after Ms. Sternberg and Mr. Wiederman announced their engagement (they later had a religious ceremony and are religiously married today).

16. The Defendant's statements were patently false. Mr. Wiederman never knew Ms. Sternberg in a professional capacity. They were introduced by a mutual friend and subsequently met at a retreat in Upstate New York after their children recognized each other from school. They started dating. That's it.

17. It is also clear that the allegation of an inappropriate patient-client relationship was started and promoted repeatedly by the Defendant—Mark Wiederman's ex-wife.

18. After Ms. Sternberg learned of the true reason she was terminated at DAAS, both she and Mr. Wiederman began to hear from people in their community (Mr. Wiederman and Ms. Sternberg both own businesses in Rockland County, New York and are involved in their local community) that the Defendant was going around making the untrue allegation.

19. Mr. Wiederman and Ms. Sternberg always maintained that the allegation was not true, was meant to hurt Ms. Sternberg's career and her company Haatzama, meant to ruin their relationship, and to ruin their reputation in their community. Moreover, Ms. Sternberg has personal knowledge that people told the Defendant that her allegations were untrue and to stop spreading such malicious and hurtful rumors. This apparently did not work, as Mr. Wiederman eventually learned the rumor was still spreading.

20. This issue remains ongoing.

21. Moreover, upon information and belief, the Defendant directed a friend or acquaintance to call DAAS to "report" Ms. Sternberg.

22. The defamatory statements about Ms. Sternberg go to the very heart of her employment and career and have caused serious, and intentional, damage.

## COUNT I—DEFAMATION
### (By Ms. Sternberg and Haatzama Against Naomi Wiederman)

23. Ms. Sternberg reincorporates paragraphs 1 through 22 as if stated fully forth herein.

24. As described herein, Defendant Naomi Wiederman in at least a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties and/or with actual malice, spread vicious and unfounded rumors that Ms. Sternberg, a Licensed Clinical Social Worker providing services through Haatzama and working as an employee of DAAS engaged in an inappropriate relationship with a client, her current husband Mark Wiederman. Those statements were completely false.

25. Naomi Wiederman published the false statements numerous times to numerous individuals in at least the State of New York and the State of Pennsylvania. Additionally, on her own or through an intermediary, Naomi Wiederman published the false statements to DAAS, Ms. Sternberg's then-employer. Naomi Wiederman was not privileged and did not have authorization to make such statements. Naomi Wiederman also published the false accusations in the community, resulting in specific damage to Haatzama, which is owned by Ms. Sternberg and through which she provides private counseling services.

26. Naomi Wiederman's conduct amounted to at least negligence.

27. Naomi Wiederman's malicious conduct has caused Ms. Sternberg and Haatzama damages, including a loss of reputation in the community, loss of employment, loss of clients and business relationships, loss of past and future income, and physical and emotional distress as stated herein. Moreover, Naomi Wiederman injured Ms. Sternberg in her business, trade, or profession, which is defamation *per se*.

**WHEREFORE**, the Plaintiffs, Chane Sternberg and Haatzama, Inc., respectfully request that this Court take jurisdiction over this Count I and enter judgment in their favor for damages in an amount to be determined at trial, costs, pre-judgment and post-judgment interest, and for such other relief as the Court deems equitable and just.

### COUNT II—TORTIOUS INTERFERENCE WITH CONTRACT
### (By Ms. Sternberg and Haatzama Against Naomi Wiederman)

28. Ms. Sternberg reincorporates paragraphs 1 through 22 as if stated fully forth herein.

29. In 2017, Ms. Sternberg entered into an employment contract with DAAS. Additionally, at all times relevant to this lawsuit, Ms. Sternberg maintained agreements with patients relating to her private counseling practice.

30. Naomi Wiederman had knowledge of Ms. Sternberg's employment relationship with DAAS and of the patient-client relationships Ms. Sternberg had in her private practice through Haatzama. This is demonstrated by Naomi Wiederman's specific targeting of DAAS for the spreading of false accusations, and the spreading of false accusations specifically relating to Ms. Sternberg's occupation within the community where Ms. Sternberg practices and where Haatzama is established and conducts business.

31. Naomi Wiederman intentionally and improperly procured breaches of those agreements causing Ms. Sternberg and Haatzama damages.

**WHEREFORE**, the Plaintiffs, Chane Sternberg and Haatzama, Inc., respectfully requests that this Court take jurisdiction over this Count II and enter judgment in theirfavor for damages in an amount to be determined at trial, costs, pre-judgment and post-judgment interest, and for such other relief as the Court deems equitable and just.

### COUNT III—TORTIOUS INTERFERENCE
### WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (By Ms. Sternberg and Haatzama Against Naomi Wiederman)

32. Ms. Sternberg reincorporates paragraphs 1 through 27 as if stated fully forth herein.

33. Ms. Sternberg had valuable business relationships with DAAS and her own clients in her private practice with Haatzama.

34. As stated herein, Naomi Wiederman knew of these relationships and intentionally interfered with those relationships.

35. Naomi Wiederman acted solely out of malice and used dishonest, unfair, or improper means, and caused damage to Ms. Sternberg and Haatzama.

**WHEREFORE**, the Plaintifsf, Chane Sternberg and Haatzama, Inc., respectfully requests that this Court take jurisdiction over this Count III and enter judgment in their favor for damages in an amount to be determined at trial, costs, pre-judgment and post-judgment interest, and for such other relief as the Court deems equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 18, 2021                      Respectfully submitted,

/s/ Daniel L. Rashbaum
Daniel L. Rashbaum
New York Bar No.: 4002895
Marcus, Neiman, Rashbaum & Pineiro LLP
2 S. Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel.: (305) 400-4268
drashbaum@mnrlawfirm.com
Counsel for Chane Sternberg

FASANO LAW FIRM, PLLC
MICHAEL C. FASANO
(*pro hac vice forthcoming*)
2 S. Biscayne Blvd.
Suite 2530
Miami, Florida 33131
Tel: (305) 779-5950
mfasano@fasanolawfirm.com